IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC HAMILTON                    *

       Plaintiff         *

   vs.                           *   CIVIL ACTION NO. MJG-02-2438

COMWEB TECHNOLOGY GROUP, INC.,   *
et al.
                               *

       Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*

## SCHEDULING ORDER

In accordance with the agreement of counsel:

A.  General Matters

    1.  By December 13, 2002, any motion for joinder of additional parties and amendment of pleadings shall be filed.

    2.  The Court will demand compliance with the Local Rules.  If you need to obtain a copy of the Local Rules, you may inquire of the Clerk for the identity of the various publishers who will sell you a copy.

    3.  This is an action in which Fed. R. Civ. P. 26(a)(1) does not apply.  See Local Rule 104.10.

    4.  Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office.  The original and two copies of all motions and memoranda should be filed with the Clerk.  See Local Rule 105.1.

    5.  In any situation in which attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and

        Discrimination Cases which are Appendix B to the Local Rules.

    6. Dates herein for filing or service are deadlines for actual delivery to the adverse party or the Clerk.

B. Discovery

    1. Discovery (other than expert discovery) shall be completed ninety (90) days after the Court's ruling on claim construction. Fact discovery regarding damages, if necessary, shall open one (1) week after the Court's ruling on the dispositive motions, if any. In the event that no dispositive motions are filed, damages discovery will begin one week after the date for filing dispositive motions. Fact discovery regarding damages shall be completed within eighty (80) days after commencement of fact discovery.

    2. This action is exempted from the requirements of Fed. R. Civ. P. 26(d) and (f). <u>See</u> Local Rule 104.10. However, you are encouraged to confer with one another immediately in order to:

        a. identify the issues,

        b. set a discovery plan,

        c. determine if the case can be resolved before your clients incur further litigation expense, and

        d. establish a cordial professional relationship among yourselves.

    3. All of the provisions of Local Rule 104 apply, including the following:

        a. All written discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

    b.   The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadlines.

    c.   No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the Court. If they are, they will not be returned by the Clerk but will be destroyed.

    d.   Motions to compel shall be filed in accordance with Local Rule 104.8.

    e.   Please be familiar with the Discovery Guidelines of this Court adopted September 11, 1995. If you do not have a copy of the Guidelines, you may obtain one through the Clerk's Office.

4. Expert discovery shall proceed as follows:

    a.   One hundred twenty (120) days after the Court's ruling on claim construction, each party shall:

        (1)   Advise the adverse party(ies) of the identity of all proposed expert witnesses as to matters which the proposing party bears the burden of proof.

        (2)   Provide Rule 26(b)(2) information.

        (3)   Advise the adverse party(ies) dates within 30 days on which each expert shall be available for deposition so that depositions can be taken.

    b.   One hundred fifty (150) days after the Court's ruling on claim construction, each party shall:

      (1) Advise the adverse party(ies) of the identity of any proposed expert witnesses not identified in the previous submission.

      (2) Provide Rule 26(b)(2) information.

      (3) Advise the adverse party(ies) of dates within 30 days on which each expert shall be available for deposition so that depositions can be taken.

c. One hundred ten (110) days after the Court's ruling on dispositive motions or, in the event that no dispositive motions are filed, one hundred and ten days after the date for filing of dispositive motions, Plaintiff shall:

      (1) Advise Defendants of the identity of any proposed expert witnesses regarding damages.

      (2) Provide Rule 26(b)(2) information.

      (3) Advise the Defendants of dates within 30 days on which each expert shall be available for deposition so that depositions can be taken.

d. One hundred forty (140) days after the Court's ruling on dispositive motions, the Defendant shall:

      (1) Advise the Plaintiff of the identity of any proposed expert witnesses regarding damages.

      (2) Provide Rule 26(b)(2) information for such expert witnesses.

      (3) Advise the Plaintiff of dates within 14 days on which such experts shall be available for deposition so that depositions can be taken.

    5.    Discovery as to Defendant WebWisdom.com, Inc. shall be stayed pending the Court's ruling on WebWisdom's motion to dismiss.

C.    Patent Matters

    1.    By December 13, 2002, Patent Owner shall file and serve an Initial Disclosure of Asserted Claims.

        a.    The Initial Disclosure of Asserted Claims shall contain the following information:

            (1)    Identification of each claim of each patent in suite that is allegedly infringed by the Defendants;

            (2)    Separately for each allegedly infringed claim, each accused apparatus, product, device, process, method, act or other instrumentality (accused instrumentality) of which the Plaintiff is aware. This identification shall be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device or apparatus which, when used, results in the practice of the claimed method or process;

            (3)    The date of conception and the date of reduction to practice of each asserted claim.

    2.    By January 10, 2003, Defendants shall serve and file an Initial Disclosure of Prior Art:

        a.    The Initial Disclosures of Prior Art shall contain the following information:

            (1)    Each item of prior art that the party contends anticipates the claim or renders it obvious;

      (2)    For each item of prior art, whether it anticipates the claim or renders it obvious, if a combination of prior art references renders a claim obvious, that combination must be identified.

      (3)    The identification of prior art must be as specific as possible. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, its author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used, the date the offer or use took place, and the identity of the person or entity which made the use or which made and received the offer.

3.    By February 7, 2003, Plaintiff shall file and serve a Proposed Claim Construction Statement.

    a.    The Proposed Claim Construction Statement shall contain the following information for each claim in issue:

      (1)    Identification of any special or uncommon meanings of words or phrases in the claim;

      (2)    All references from the specification that support, describe, or explain each element of the claim;

      (3)    All material in the prosecution history that describes or explains each element of the claim; and

      (4)    Any extrinsic evidence that supports that proposed construction of the claim, including, but not limited to, expert testimony, inventor testimony,

>           dictionary definitions and citations to
>           learned treatises, as permitted by law.
>
> 4. By March 7, 2003, Defendants shall file and serve Responsive Proposed Claim Construction Statements.
>
>     a.  The Responsive Proposed Claim Construction Statements shall contain the following information:
>
>         (1) Identification of any special or uncommon meanings of words or phrases in the claim in addition to or contrary to those disclosed in the Proposed Claim Construction Statement;
>
>         (2) All references from the specification that support, describe, or explain each element of the claim in addition to or contrary to those disclosed in the Proposed Claim Construction Statement;
>
>         (3) All material in the prosecution history that describes or explains each element of the claim in addition to or contrary to those disclosed in the Proposed Claim Construction Statement; and
>
>         (4) Any extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, expert testimony, inventor testimony, dictionary definitions and citations to learned treatises, as permitted by law.
>
> 5. By March 15, 2003, the parties shall meet and confer for the purpose of preparing a Joint Claim Construction Statement.
>
> 6. By April 1, 2003, the parties shall file a Joint Claim Construction Statement, which shall contain the following information:

    a.   The construction of those claims and terms on which the parties agree;

    b.   Each party's proposed construction of each disputed claim and term, supported by the same information that is required in the respective claim construction statements;

    c.   For any party who proposes to call one or more witnesses at any claims construction hearing, the identity of each such witness, the subject matter of each witness' testimony and an estimate of the time required for the testimony.

7. Claim construction issues shall be resolved as follows:

    a.   By April 25, 2003, the parties shall file and serve simultaneous opening briefs with supporting evidence and identification of any proposed <u>Markman</u> hearing witnesses.

    b.   By May 23, 2003, the parties shall file and serve simultaneous responsive briefs with supporting evidence and identification of any proposed <u>Markman</u> hearing witnesses.

    c.   Plaintiff shall arrange a telephone conference with the Court to discuss providing the presiding judge with background information regarding the pertinent technology.

        (1)   The Court prefers that the conference be held shortly after the April 25, 2003 filing of opening briefs.
        (2)   In any event, the conference shall be held no later than May 26, 2003.

    d.   There shall be a claim construction hearing on Monday, June 9, 2003, and, if necessary, June 10, 2003 commencing at 10:00 a.m.

D.  Claim Charts

   1.  Forty-five (45) days after the Court's ruling on claim construction, the Plaintiff shall file and serve a Claim Chart.

       a.  The Claim Chart shall contain the following information:

           (1) Each claim of any patent in suit which the party alleges was infringed;

           (2) The identity of each apparatus, product, device, process, method, art or other instrumentality of each opposing party which allegedly infringes each claim;

           (3) Whether such infringement is claimed to be literal or under the doctrine of equivalents;

           (4) Where each element of each infringed claim is found within each apparatus, product, device, process, method, act of other instrumentality; and

           (5) If Plaintiff wishes to preserve the right to rely on his own apparatus product, device, process, method, act or other instrumentality as evidence of commercial success, the party must identify, separately for each claim, each such apparatus, product, device, process, method, act or other instrumentality that incorporates or reflects that particular claim.

   2.  Seventy-five (75) days after the Court's ruling on claim construction, the Defendants shall file and serve Responsive Claim Charts.

       a.  The identity of each item of prior art that anticipates the claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of

       issue.  Each prior art publication shall be identified by its title, date of publication, and, where feasible, its author and publisher.  Prior art under 35 U.S.C. § 102(b) shall be identified by the item offered for sale or publicly used, the date the offer or use took place, and the identity of the person or entity which made the use or which made and received the offer; and

   b.   Whether it anticipates the claim or renders it obvious.  If a combination of prior art references makes a claim obvious, that combination must be identified;

   c.   Where, specifically, within each item of prior art each element of the claim is found;

   d.   All grounds of invalidity other than anticipation or obviousness of any of the claims listed in Plaintiff's Claim Chart.  This identification must be as specific as possible.  For example, if a best mode defense is raised, the Defendant must set forth with particularity what constitutes the inventor's best mode, specifically citing information or materials obtained in discovery to the extent feasible.  If an enablement defense is raised, the Defendant must set forth with particularity what is lacking in the specification to enable one skilled in the art to make or use the invention;

3.   Amendment of a Claim chart or a Responsive Claim Chart may be made only on stipulation of all parties or by Order of the Court, which shall be entered only upon a showing of excusable subsequent discovery of new information or extraordinary good cause.

4.   One (1) week after the Court's ruling on dispositive motions, if the Plaintiff has alleged willful infringement and if necessary, each Defendant shall file and serve a statement

describing the date and document reference number of each opinion of counsel (if any) upon which the Defendant relies to support a defense to the willfulness allegation, including, but not limited to, issues of validity, and infringement of any patent in suit.

E.  Summary Judgement (Dispositive) Motions

1.  An Opening Dispositive Motion shall be filed and served no later than one hundred and fifty days (150) after the Court's ruling on claim construction.

2.  An Opposition and Cross-Motion shall be filed and served fourteen (14) days after filing of the opening motion.

3.  A Reply and Opposition to Cross-Motion shall be filed and served fourteen (14) days after filing of the opposition and cross-motion.

4.  A hearing on dispositive motions, if necessary, shall be scheduled one (1) week (and/or such other dates as may be necessary) after the filing of the Reply and Opposition to Cross-Motion.

SO ORDERED this 12th day of December, 2002.

_____
Marvin J. Garbis
United States District Judge