IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC HAMILTON                          *

        Plaintiff                      *

        vs.                            *    CIVIL ACTION NO. MJG-02-2438

COMWEB TECHNOLOGY GROUP, INC.,         *
et al.
                                       *

        Defendants
*       *       *       *       *       *       *       *       *

MEMORANDUM AND ORDER

The Court has before it the Motion . . . to Transfer Venue

to the Northern District of California Pursuant to 28 U.S.C. §

1404(a) [Paper 14] and the materials submitted relating thereto.

The Court finds that a hearing is unnecessary.

In this case, Plaintiff, a Virginia individual, sued eight

corporations for alleged patent infringement.  To date, Plaintiff

has dismissed all claims against four of the original Defendants.

Therefore, Plaintiff now asserts his patent infringement claims

against the following:

| Name | State of Incorporation | Headquarters |
| --- | --- | --- |
| Weber | Delaware | San Jose, CA |
| First Virtual | Delaware | Santa Clara, CA |
| Teraglobal | Delaware | San Diego, CA |
| Webwisdom | Delaware | Syracuse, NY |

By the instant motion, the Delaware/California Defendants (Weber and Teraglobal) seek transfer of the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Webwisdom, the Delaware/New York Defendant, has not responded to the transfer motion.[1]  Plaintiff, a Virginia individual, opposes the transfer.

The pertinent statute, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The Court should consider, in deciding a transfer motion under Section 1404(a), such factors as (1) the convenience of the witnesses; (2) convenience of the parties; (3) the location of and ease of access to relevant documents and other sources of proof; and (4) "all factors that make a trial affordable and expeditious and that bear on the interests of justice." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507-508 (1947).

The Court finds that the movants have not made a showing adequate to persuade the Court to exercise its discretion to

_____

[1]  Webwisdom has filed a motion seeking dismissal for lack of personal jurisdiction.

transfer the case to the North District of California.[2]  Indeed,

except for the ultimate place of trial, the case will proceed

very much the same in Maryland as it would in the Northern

District of California.  If, in light of the circumstances that

actually exist when trial is scheduled, there is a substantial

reason to transfer the case for trial, the case can then be

transferred.

The location of witnesses for discovery purposes is

immaterial.  Non-party witnesses will have their depositions

taken in the same place whichever court is identified in the case

caption.  As to party witnesses, the Court can, and will, conduct

the case so that the pendency of the case in Maryland will not

unduly burden party witnesses for whom discovery depositions in

Maryland would be more inconvenient than in the Northern District

of California.  Furthermore, the Court can, and will, conduct

discovery so that there will be no undue burden imposed on

parties with regard to the production of physical evidence in

Maryland as distinct from the Northern District of California.

---

[2]  It appears that the case could have been brought in the
Northern District of California as to all Defendants other than,
perhaps, Webwisdom.  Moreover, it does not now appear that there
would be any greater jurisdictional claim vis-a-vis Webwisdom in
Maryland than in California.

The Court will, at the time that nonparty trial witnesses
are identified, consider whether there would be, in fact, a
significant difference in the availability of such witnesses for
trial depending upon the place of trial.  In view of modern
technology, including the ability to present "live" testimony by
remote video hook-up, it is most unlikely that the place of trial
will be a factor.

Finally, the Court notes that the Northern District of
California is the location of the headquarters of only one
remaining Defendant, Teraglobal, so that even the two other
California Defendants would be litigating outside of their home
district.

For the foregoing reasons:

1.    The Motion . . . to Transfer Venue to the Northern
      District of California Pursuant to 28 U.S.C. §
      1404(a) [Paper 14] is DENIED.

2.    The case shall proceed pursuant to existing
      scheduling.

3.    Absent good cause for a particular circumstance,
      the Court expects the parties to agree as to the
      places of deposition testimony of party witnesses
      and of production of physical evidence with
      stipulations that discovery disputes shall be
      resolved in the District of Maryland.

4

4.   To the extent that the parties may not so agree:

   a.   Any party may seek immediate relief from a purported obligation for a deposition witness to appear, or physical evidence to be produced, in Maryland without compliance with Rule 104.8 of the Local Rules.

   b.   Absent good cause shown, the Court shall provide that the deposition or document production shall take place at a place reasonably convenient to the witness or producing party with discovery disputes resolved in the District of Maryland.

5.   This action is without prejudice to the right of any party to seek a transfer of the case for trial[3] in the Northern District of California.

SO ORDERED this ___*6th*___ day of January, 2003.

_____
Marvin J. Garbis
United States District Judge

---

[3]   Possibly, subject to appropriate approvals, with no change in presiding Judge.