IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIC HAMILTON,<br><br>    Plaintiff,<br><br>  v.<br><br>COMWEB TECHNOLOGY GROUP, INC.,<br>PLACEWARE, INC.,<br>WEBEX COMMUNICATIONS, INC.,<br>FIRST VIRTUAL COMMUNICATIONS, INC.,<br>SMART TECHNOLOGIES, INC.,<br>TERAGLOBAL COMMUNICATIONS CORP.,<br>CENTRA SOFTWARE, INC.,<br>WEBWISDOM.COM, INC.,<br><br>    Defendants. | Civil Action No. 02-CV-2438 (MJG) |

**SURREPLY MEMORANDUM OF LAW IN SUPPORT OF
WEBWISDOM'S MOTION TO DISMISS**

                   MCGUIRE WOODS, LLP
                   7 Saint Paul Street, Suite 1000
                   Baltimore, Maryland 21202
                   Telephone: (410) 659-4400
                   Facsimile: (410) 659-4599

                   BOND, SCHOENECK & KING, PLLC
                   One Lincoln Center
                   Syracuse, New York 13202-1355
                   Telephone: (315) 218-8000
                   Facsimile: (315) 218-8100

                   Attorneys for Defendant,
                    WebWisdom.Com, Inc.

Plaintiff's February 14, 2003 supplemental submission to the Court does not support his argument for personal jurisdiction over WebWisdom in Maryland for at least three reasons. First, the AIDE website is not WebWisdom's website. It is a private, non-commercial website sponsored by NASA for academic research and study. (Podgorny Surreply Decl. ¶¶ 3, 5).

Second, the website does not allow a "guest" user like the plaintiff to collaborate by sharing a whiteboard or anything else. (Podgorny Surreply Decl. ¶¶ 8-13, 18). Plaintiff's video exhibit does not show that he shared the whiteboard with anyone. (While, theoretically, an uninvited "guest" could enter an ongoing collaborative session if permitted to do so by a registered NASA representative or academic researcher, such a strange event has never happened. (Podgorny Surreply Decl. ¶ 11 n.1.))

Third, there is no offer to sell anything to anyone on the AIDE website. (Podgorny Surreply Decl. ¶ 6). An offer for sale must have the "hallmarks of a potential commercial transaction" including a "quotation of a price." Hollyanne Corp. v. TFT, Inc., 199 F.3d 1304, 1310 (Fed. Cir. 1999). Nothing of the kind can be found on the AIDE website.

The Federal Circuit applies a three prong "minimum contacts" test to determine if specific jurisdiction exists in a patent case:

1. Whether defendant *purposefully* directed its activities at residents of the forum;

2. Whether the claim arises out of or relates to those activities; and

3. Whether assertion of personal jurisdiction is reasonable and fair.

See, e.g., 3D Systems v. Aarotech Labs, 160 F.3d 1373, 1378 (Fed. Cir. 1998).

It cannot be argued that WebWisdom "purposefully directed" the AIDE website at anyone, let alone anyone in Maryland. The AIDE website is not WebWisdom's website. It is a private, non-commercial website sponsored by NASA for academic research and study. Furthermore, no one from Maryland has ever been registered to use the AIDE system. (Podgorny Surreply Decl. ¶ 14).

Nor can plaintiff's claim against WebWisdom be said to arise out of or relate to NASA's AIDE website. Even if that website were attributable to WebWisdom, the website is not evidence that WebWisdom has ever made, used, sold, or offered for sale any infringing product in Maryland. See 35 U.S.C. § 271(a). To be sure, no one in Maryland has ever shared a whiteboard through that website, but even if they had, that would not be enough to establish jurisdiction because the website offers nothing for sale to anyone. (Podgorny Surreply Decl. ¶¶ 6, 14-21). See, e.g., VP Intellectual Properties v. Imtec, No. 99-3136, 1999 U.S. Dist. LEXIS 19700, 53 U.S.P.Q.2d 1269 (D. N.J. Dec. 8, 1999) (website which contained specific product descriptions of the allegedly infringing products and their catalog order numbers, but did not contain pricing information for those products was not an "offer to sell" those products and therefore did not confer specific jurisdiction in a patent infringement suit concerning those products); Neato, LLC v. Great Gizmos, No. 3:99CV958, 2000 U.S. Dist. LEXIS 20684 (D. Conn. Feb. 29, 2000) (website describing the allegedly infringing product and supplying an "800" number where further information could be gained was not an "offer to sell" and did not confer jurisdiction, even with a small number of infringing sales having occurred in the forum state); Agar Corp. v. Multi-Fluid, Inc., No. 95-5105, 1997 U.S. Dist. LEXIS 17121, 45 U.S.P.Q.2d 1444 (S.D. Tex. June 25, 1997) (information on website about an infringing product

is not an offer to sell "purposefully directed" at any given forum sufficient to establish specific jurisdiction in that forum).

Further, the assertion of personal jurisdiction would not be reasonable and fair in this case. WebWisdom has no contacts with Maryland, and neither does the plaintiff. Indeed, when plaintiff accessed the AIDE website to prepare his video exhibit, he did so from Virginia, where he resides. (Podgorny Surreply Decl. ¶¶ 14-17). One of the facts the Court must evaluate, even if it finds sufficient contacts to confer jurisdiction, is "the forum state's interest in adjudicating the dispute." Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985). Maryland has no interest in adjudicating this dispute between WebWisdom and the plaintiff, two non-residents.

WebWisdom's motion to dismiss for lack of personal jurisdiction should be granted.

Dated: March 4, 2003

_____/s/_____
Maria P. Gerace, Esq.
Bond, Schoeneck & King PLLC
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8000
Facsimile: (315) 218-8100


_____/s/_____
Patrick R. Buckler, Esq.
(signed by Maria P. Gerace with permission of Patrick R. Buckler)
Bar No. 25943
McGuireWoods LLP
7 St. Paul Street, Suite 1000
Baltimore, Maryland 21202
Telephone: (410) 659-4425
Facsimile: (410) 659-4599

Attorneys for Defendant,
WebWisdom.Com, Inc.