**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ERIC HAMILTON | ) | Civil Action No. |
| Plaintiff | ) | |
| v. | ) | |
| | ) | MJG 02-CV-2438 |
| TERAGLOBAL COMMUNICATIONS CORP. | ) | |
| WEBWISDOM.COM, INC | ) | |
| Defendants | ) | |
| | ) | |

<u>JOINT  PROPOSED CLAIM CONSTRUCTION STATEMENT</u>

In accordance with part C. 6. of the Scheduling Order in the above captioned matter, Plaintiff Hamilton and Defendant

Teraglobal/WaveThree hereby submit this Joint Proposed Claim Construction Statement.

|  | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
|  |  | Plaintiff's Construction | Support | Defendants' Construction | Support |
| 1a. | A computer assisted electronic educational information communication system, comprising: | (needs no special definition)<br><br>Any exchange of information is the education of the recipient by the provider of the information.  An exchange of ideas (collaboration) is the education of all participants.<br><br>Education is not confined to a formal classroom setting. | Amerian Heritage Dictionary  "Serving to impart knowledge or skill."<br><br>WebEx Glossary http:\\www.webex.com/glossary.html: "Whiteboard - This is analogous  to an actual whiteboard in a meeting room. Instructors and students can simultaneously  mark and write on the whiteboard to share information." | "educational" means of or relating to providing training or knowledge through formal schooling in a classroom setting having a defined teacher or instructor and at least one defined student.<br><br>"information" means knowledge that was not previously known to its receiver.  Information can be derived from data only to the extent that the data are accurate.<br><br>"educational information" means of or relating to providing training or knowledge not previously known to a student through formal schooling ina classroom setting having a defined teacher or instructor and at least one defined student.<br><br>"communication" means the | American Heritage Dictionary at 439 ($2^{ed}$ ed. 1985).<br>Col. 2, lns. 25 through col. 3, ln. 63; col. 5, lns. 1-3; Fig. 1.<br>Amendment A dated August 5, 1991, at 17.<br>Examiner's Amendment appearing in Notice of Allowability of August 24, 1992, at 2-12.<br>Computer Dictionary & Handbook at 239 (3rd ed. 1980).<br><br>American Heritage Dictionary at 299 ($2^{ed}$ ed. 1985). |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | | | | exchange of thoughts, messages, or information, as by speech, signals, or writing | |
| 1b. | at least two stations; | (needs no special definition)<br><br>two computer terminals of any configuration capable of communication. | The patent specification | "station" means a specialized desk for housing software and computer hardware for either an instructor or student. | Col. 5, lns. 3-42 (but esp. lns. 3-5, and lns. 33-39); col. 6, lns. 26-30; col. 7, lns. 15-19; Figs. 1,  2A-2C.<br>Amendment A dated August 5, 1991, at 17. |
| 1c. | at least two monitor means, one associated with each of said stations, for displaying electronic educational information in visual form; | (needs no special definition)<br><br>Any monitor capable of displaying information in a visual form, must be capable of graphic representation in addition to text for the display of an interactive whiteboard. | The patent specification describes the monitor as a standard computer monitor.  In one special embodiment, corresponding to certain dependant claims, the monitor is  touch screen display. | "monitor means" is in means-plus-function format, and should be interpreted under 35 USC 112, paragraph 6.  The function is "for displaying electronic educational information in visual form."  In the specification, the corresponding structure for "monitor means" is a monitor 102 or 203 built into a desk and having a display which is flush against the surface of the desk. "station" – see above. "educational information" –see above. | Col. 2, ln. 35 through col. 3, ln. 55; col. 5, lns. 5-9 and 43-50; col. 6, ln. 66; Abstract; Figs. 1, 2A-2C. |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| 1d. | at least two input means, one associated with each of said stations, for simultaneously and concurrently entering said information in handwritten freehand form from each of said stations and to display on at least its associated monitor means; and | "Simultaneously and concurrently entering" means that each user can enter information at his/her station at the same time as the other users enter information at their stations. The entry of information is independent.<br><br>Handwritten freehand form includes any freehand sketch tool, as opposed to a text tool or tool which selects fixed geometric elements. The tool can be implemented with a mouse, a pen, a digitizer pad, a touch screen, a stylus or any other freehand input device. | Handwritten Freehand Patent Specification: Column 14, line 13: "If a mouse rather than a pen is the input device and if the ..."<br><br>Column 14, line 60: "Similarly, if the user is in a drawing or erasure mode (61 1), the line is drawn or erasure effected (with a white fillbar)(614). An | "input means" is in means-plus-function format, and should be interpreted under 35 USC 112, paragraph 6. The function is "for simultaneously and concurrently entering said information in handwritten freehand form from each of said stations and to display on at least its associated monitor means." In the specification, the corresponding structure for "input means" is some unspecified combination of the following: (1) a handwriting system consisting of a corded or cordless light pen which translates video signal and is integrated with an interface card to send coordinates of the pen's position on the screen to a computer's central process unit; (2) a monitor constructed so as to allow the interception of | Col. 5, lns. 43-66; Col. 6, lns. 18-24; Col. 6, ln. 64 through col. 7, ln. 3. Figs. 1, 2A-2C. Amendment B After Final Rejection, dated May 20, 1992, at 21.<br><br><br><br><br><br><br><br><br><br>American Heritage Dictionary at 1142 (2ed ed. 1985). Computer Dictionary & Handbook at 105 (3rd ed. 1980) (as in "concurrent working" or "concurrent operation"). |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | | | evaluation of whether the communication is being shared with the teacher (616) (if this is a student situation) or with other students (618)(if this is a teacher situation) results in those coordinates with destination being sent (if a mouse rather than a pen is used) to the aforementioned sent_pt function (617 and 19), which prepares them for transmission to the appropriate destination via the send_que function..."<br><br>Column 16, line 1:<br>"... followed by a determination of whether the input device is a mouse or a pen (803) Thus, the implementation may be reconstructed using a | coordinates as a pen-like object moves across its surface, as done by touch-screens; (3) a pen-like object and glass plate or glass-like plate positioned directly above a monitor's surface, which are interfaced with the hardware in such a way that as the stylus moves across the surface of the plate, coordinate positions are relayed to a computer; and (4) a pen and stylus, a sensor that rests above the monitor, and an interface system that translates pen strokes on the sensor into event codes and coordinate positions for transmission via a data bus back to a peripheral interface system. A mouse device is specifically precluded from being any part of an "input means."<br>"station" – see above.<br>"monitor means" - see above.<br>"said information" means | Amendment B After Final Rejection dated May 20, 1992, at 23-26. Examiner's Amendment of August 24, 1992, at 2-12.<br><br>American Heritage Dictionary at 592 (2[ed] ed. 1985).<br>American Heritage Dictionary at 532 (2[ed] ed. 1985).<br>Amendment B After Final Rejection dated May 20, 1992, at 26.<br>Amendment of May 1992, at 21. |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | | | mouse instead of a pen. When the pen is used (853B), the mouse is disabled (821)."<br><br>Column 16, line 32: The "click areas" that define what events occur when a given spot on the screen is touched by the pen (or mouse, when a button is depressed) are then initialized..."<br><br>WebEx Glossary http:Hwww.webex.com/ glossary.html: "Whiteboard - This is analogous to an actual whiteboard in a meeting room. Instructors and students can simultaneously mark and write on the whiteboard to share information. There must be tools to draw straight | "educational information" - see above.<br>"simultaneously" means happening, existing, or done at the same time.<br>"concurrently" refers to various methods in electronic data processing in which multiple instructions or operations of different instructions are executed simultaneously.<br>"simultaneously and concurrently" (without qualification) means the execution of multiple instructions or operations of different instructions actually happening at two locations or devices at the same time<br>"handwritten" means written by hand<br>"freehand" means drawn by hand without the aid of tracing or drafting devices<br>"handwritten freehand form" means a form which is written by hand and drawn | |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | | | and free-hand lines, circles, ovals, rectangles and type words."<br><br>Teramedia Demo 6.2 User Guide, page 18: "The pen allow you to draw freehand on the Virtual Whiteboard workspace."<br><br>Wave Three - Session Workspace User Guide, page 1: "...you can use a variety of tools to draw freehand and correspond via a 'virtual whiteboard' environment."<br><br>Narrow dependent claims recite limitations which distinguish over the broad language in the broader claims (doctrine of claims differentiation):<br>Claim 8: "a hand-held stylus" | without the aid of tracing or drafting devices. "simultaneously and concurrently entering said information in handwritten freehand form from each of said stations and to display on at least its associated monitor means" means that an instructor and one or more students are entering educational information by writing by hand without the aid of tracing/drafting devices at a respective specialized desks at the same time and the execution or operation of instructions are executed so that the information is displayed on all of the respective monitor means at the same time. | |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | | | Claim 13: "input ... by a user drawing or writing directly on said display surface..." Claim 17:  "a user controlled hand-held stylus, stylus sensor, and stylus interface..." Claim 24: "interactive monitor..." Claim 25: "a user controlled freehand writing stylus, ... stylus sensor..." | | |
| 1e. | communication means for virtually simultaneously and concurrently transmitting said information being entered simultaneously and concurrently at either of said input means from either station to other station, and for | The transmission is "virtually" simultaneous and concurrent.  The virtual language means that the information does not have to appear on the other station at same time as it is entered.  The display of information is also not | Virtually simultaneous and concurrent transmission: Patent specification: Column 8, line 60: "If the (local or remote) user is instead continuously pressing the pen in a writing area (317), a line is drawn to connect the location of that depression with the | "communication means" is in means-plus-function format, and should be interpreted under 35 USC 112, paragraph 6.  The functions are "for virtually simultaneously and concurrently transmitting said information being entered simultaneously and concurrently at either of said input means from either | Col. 5, lns. 11-21; col. 6, lns. 40-42; col. 6, ln. 64 through col. 7, ln. 14; col. 7, lns. 22-31; col. 7, ln. 51 through col. 9, ln. 27; col. 15, lns. 12-65; Figs. 1, 2A-2C, 3A, and 7. Amendment B After Final Rejection, dated May 20, 1992, at 25. |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | enabling the virtually simultaneous and concurrent display of said transmitted information on both of said monitor means associated with both of said stations such that said information being entered at a first input means simultaneously and concurrently appears on all of said monitor means while under the independent control of said first input means. | simultaneous but "virtually" simultaneous. The information does not appear in the displays as it is entered. There is a delay to allow for accumulation and transmission. The information can be transmitted and displayed: after a set time delay such as updating every second; after the completion of a drawing stroke; or after entry of a segment of a drawing, such as each pixel or a group of pixels.<br><br>Each station has complete control of the information entered at that station. | most previous one (318). (These "lines" are extremely short, and give the appearance of smooth, continuous drawing or writing)"<br><br>Column 12, line 47: "If the command field requests a copy of the screen ... a large transmission of a window takes place... if either a student of teacher receives a full copy of a remote screen, a packet is sent with the SCREEN-COPY value in the command field..."<br><br>Column 13, line 22: "When an ABS is received ... the user at the sending [remote] station has just pressed the pen to the sensor ... and the absolute | station to other station," and "for enabling the virtually simultaneous and concurrent display of said transmitted information on both of said monitor means associated with both of said stations such that said information being entered at a first input means simultaneously and concurrently appears on all of said monitor means while under the independent control of said first input means." The specification does not disclose sufficient structure for "communication means." To the extent that the specification discloses any structure at all, it is believed that the corresponding structure is some unspecified combination of a network bus 112 which is implemented as serial communication or network protocol, a network interface | Computer Dictionary & Handbook at 105 (3rd ed. 1980)<br><br>American Heritage Dictionary at 654 (2ed ed. 1985). |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | | | coordinates of the touchdown are recorded so that ... a connection can be made between the point at these absolute coordinates and the point at the coordinates where the next interrupt is issued by the pen's serial interface at the remote station. At that next interrupt, a new PACKET is sent by the remote station, with the command field set to REL ... and the relative position from the last touch down or drawing interrupt (whichever is more recent) is included in the packet. A line is drawn from the point at the last pair of coordinates to the point at this new set of coordinates." | 208, a data bus (218), serial cabling, or network cabling 273, 274, three concurrently operating communication systems 301, 332, 333 at a single user station (either teacher or student), and a queue.<br>"virtually" means apparently, as contrasted with actually or absolutely "simultaneously and concurrently" (without qualification) –see above. "virtually simultaneously" means the execution of multiple instructions or operations of different instructions that apparently happen at two locations or devices at the same time.<br>"said information" – see above.<br>"station" – see above.<br>"independent" means free from the influence, guidance, or control of another or others | |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | | | WebEx Glossary http:Hwww.webex.com/ glossary.html: "Whiteboard - This is analogous to an actual whiteboard in a meeting room. Instructors and students can simultaneously mark and write on the whiteboard to share information." <br><br> Teramedia Demo 6.2 User Guide, page 1: "Virtual Whiteboard - Teramedia whiteboard is a real time collaboration tool that allows any number of individuals to share and manipulate any type of media simultaneously in real-time." <br><br> Narrow dependent claims recite limitations which distinguish over | "virtually simultaneously and concurrently transmitting said information being entered simultaneously and concurrently at either of said input means from either station to other station, and for enabling the virtually simultaneous and concurrent display of said transmitted information on both of said monitor means associated with both of said stations such that said information being entered at a first input means simultaneously and concurrently appears on all of said monitor means" means that the various educational information entered by an instructor and one or more students at the same time is transmitted from the respective specialized desks to other desks apparently at the same, with execution or operation of instructions for the | |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | | | the broad language in the broader claims (doctrine of claims differentiation): Claim 10: "transmitting one pixel ... on a pixel-by-pixel basis..." Claim 11: "display of one pixel ... on a pixel-by-pixel basis..." Claim 13: "simultaneously and concurrently communicating said information in real time..." Claim 18: "simultaneously and concurrently displayed..." Claim 23: "simultaneously and concurrently communicating one pixel of said information in real time ... on an alternating-station pixel-by-pixel | transmissions being executed at the same time, and the transmitted information is displayed on the monitor means of both specialized desks at the same time such that the information entered at a first input means appears on all monitor means at the same time. | |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | | | basis..."<br>Claim 24:<br>"simultaneously and concurrently communicating ...<br>"simultaneously and concurrently display..."<br>Claim 28:<br>"simultaneously and concurrently communicated and interactively shared in real time..."<br>Claim 29:  "in a pixel-by-pixel format..."<br><br>Entire Amendment August 12, 199 1, including specific amendments to the claims and the description of virtually simultaneous as "...both computers connected to the same monitor at the same time..." to distinguish over Shapiro which required that "the | | |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | | | student's computer must be disconnected from the instructor's monitor..." Simultaneous and concurrent refers to the continuous connection, not the immediate transfer of data on a pixel-by-pixel basis. | | |

|   | CLAIMS | CONSTRUCTION | | | |
|---|--------|-----------------------|---|---|---|
|   |        | Plaintiff's Construction | Support | Defendants' Construction | Support |
| 2. | The system of claim 1, wherein one of said stations is adapted for an instructor and the other of said stations are adapted for students. | (needs no special definition)<br><br>An instructor is the participant with control over the session in a collaboration system, often referred to as a presenter, moderator, host or administrator. | | "adapted" means adjusted to a specified use or situation "instructor" means one who instructs; a teacher<br><br>"student" means one who attends a school, college, or university<br><br>"adapted for an instructor" means adjusted to the specified use by a teacher "adapted for students" means adjusted to the specified use by ones who attend a school, college, or university | American Heritage Dictionary at 78 (2$^{ed}$ ed. 1985). American Heritage Dictionary at 666 (2$^{ed}$ ed. 1985) Col. 2, ln. 25 through col. 3, ln. 64.<br><br>American Heritage Dictionary at 1208 (2$^{ed}$ ed. 1985) Col. 2, ln. 25 through col. 3, ln. 64. |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| 4. | The system of claim 2, wherein said communication means selectively affords said instructor's station to selectively view said information displayed at said monitor means on any of said student's stations virtually simultaneously and concurrently to the time said information is being handwritten at said student's stations. | (needs no special definition)<br><br>If the session is not peer-to-peer but is controlled by one participant, the controlling participant can selectively view the other participant's screens. | | "selectively" is the adverb form of theverb to select, which means to take as a choice from among several: to pick out.<br>"affords" means to provide<br>"instructor" see above.<br>"station" – see above.<br>"said information" - see above.<br>"virtually simultaneously and concurrently" – see above.<br>"handwritten" – see above.<br>"said communication means selectively affords said instructor's station to selectively view said information displayed at said monitor means on any of said student's stations virtually simultaneously and concurrently to the time said information is being handwritten at said student's stations" means the communication means can provide an instructor's | American Heritage Dictionary at 1578 (4th ed. 2000).<br><br>American Heritage Dictionary at 85 (2ed ed. 1985). |

| | | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|---|
| | | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | | | | | station with the ability to view the educational information displayed at the monitor means on any of said student's stations apparently happening at the same time and without interfering (i.e., in conjunction) with each other**.** | |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| 5. | The system of claim 4, wherein said instructor's station's monitor means is selectively controlled by the user implementing icons on said monitor. | (needs no special definition)<br><br>The use of screen icons is well know and understood. | | "instructor" - see above.<br>"station" - see above.<br>"selectively" – see above.<br>"implementing" means putting into practical effect<br>"icon" means a small graphic symbol which, when referenced by the user, provides the user with access to the information or processes that the symbol represents<br>"selectively controlled by the user implementing icons" means controlled by choosing small graphic symbols which, when referenced by a user, provides the user with access to the information or processes that the symbol represents. | American Heritage Dictionary at 646 (2$^{ed}$ ed. 1985).<br>Col. 6, lns. 13-15. |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| 6. | The system of claim 2, wherein said communication means selectively affords said instructor's station to virtually simultaneously and concurrently transmit said information being handwritten at said instructor's station to all of said monitor means at all of said students' stations. | (needs no special definition)<br><br>The controlling participant can select which other participant's view the controller's screen. | | "selectively" – see above.<br>"affords" – see above.<br>"virtually simultaneously and concurrently" –see above.<br>"educational information" - see above.<br>"handwritten" –see above.<br>"instructor" - see above.<br>"student" - see above.<br>"communication means selectively affords said instructor's station to virtually simultaneously and concurrently transmit said information being handwritten at said instructor's station to all of said monitor means at all of said students' stations" means that the communication means can provide an instructor's station the ability to choose to transmit the educational information being written by hand at the instructor's station to the monitor means at all of said student's stations apparently at the same time and without interfering (i.e., in conjunction) with each other. | |

|  | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
|  |  | Plaintiff's Construction | Support | Defendants' Construction | Support |
| 7. | The system of claim 1, wherein said communication means includes a communication network, and further includes a central processing unit and bus interface, located at each of said stations, which is in data communication with said communication network. | (needs no special definition)<br><br>This can be a LAN, a WAN, the Internet or the World Wide Web and includes any form of data transmission or communication. Each form has its own "bus interface" eg. 100/10baseT for LAN, 802.11 for wireless, RJ11 or modem for WWW etc. All commonly known and understood. | Newton's Telecommunications Dictionary | "communication means" – see above.<br>"communication network" means a network for communication<br>"central processing unit" or CPU means the unit of a computing system that contains the circuits that control and perform the execution of instructions<br>"bus" means one or more conductors used for transmitting signals or power<br>"interface" means a shared boundary between two functional units, defined by functional characteristics, common physical interconnection characteristics, signal characteristics, and other characteristics as appropriate<br>"data" means any or all facts, numbers, letters and symbols that refer to or describe an object, idea, condition, situation, or other information which can be processed or produced by a computer. | Computer Dictionary & Handbook at 63 (3rd ed. 1980)<br><br>IBM Dictionary of Computing at 51 (8th ed. 1987).<br><br>IBM Dictionary of Computing at 233 (8th ed. 1987).<br><br>Computer Dictionary & Handbook at 126 (3rd ed. 1980) |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| 8. | The system of claim 1, wherein at least one of said input means includes a hand-held stylus for inputting free-style handwritten text and drawings. | (need no special definition)<br><br>This claim is narrower because a stylus is specifically recited. However a stylus has a well understood meaning. | | "hand-held" means capable of being held in a hand "free-style" means "freehand" or drawn by hand without the aid of tracing or drafting devices "stylus" means a sharp, pointed instrument used for writing, marking, or engraving "handwritten" – see above. | American Heritage Dictionary at 1210 (2$^{ed}$ ed. 1985) |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| 9. | The system of claim 8, wherein said stations include more than two remotely-located stations, and wherein said input means include more than two input means for simultaneously and concurrently entering said handwritten information in freehand form from said more than two stations. | (need no special definition)<br><br>The collaboration system of this narrow claim must allow sessions with at least three participants each with an input means as above. | | "station" – see above.<br>"simultaneously and concurrently" (without qualification) – see above.<br>"handwritten" – see above.<br>"freehand" – see above. | |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| 10. | The system of claim 1, wherein said communication means includes means for transmitting one pixel of said information being entered simultaneously and concurrently at either of said input means from either station to the other station on a pixel-by-pixel basis from alternating stations. | A narrow form of the broader recitation of information transmittal of Claim 1. In Claim 10 each pixel is transmitted after entry on a station. Claim 1 is broader, allowing for transmission of a group of pixels, such as a complete entry stroke or after an update time period. | The patent specification. | "means for transmitting" is in means-plus-function format, and should be interpreted under 35 USC 112, paragraph 6. The function is "transmitting one pixel of said information being entered simultaneously and concurrently at either of said input means from either station to the other station on a pixel-by-pixel basis from alternating stations." The specification does not disclose sufficient structure for "means for transmitting." To the extent that the specification discloses any structure at all, it is believed that the corresponding structure is some unspecified combination of the following: a data bus (218), serial cabling, or network cabling 273, 274, three concurrently operating communication systems 301, 332, 333 at a single user station (either teacher or student), and a queue. "pixel" means a picture element; the smallest possible addressable "dot" displayed on a monitor | Col. 6, ln. 64 through col. 7, ln. 14; col. 7, lns. 22-31; col. 7, ln. 51 through col. 9, ln. 27; col. 15, lns. 12-65 Figs. 1, 2A-2C, 3A, and 7. Amendment B After Final Rejection, dated May 20, 1992, at 25. Prentice Hall's Illustrated Dictionary of Computing at 527 (3d ed. 1998). Amendment B After Final Rejection, dated May 20, 1992, at 25-26. |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | | | | "simultaneously and concurrently" (without qualification) – see above. "pixel-by-pixel basis" means an exact, one-to-one correspondence between the pixels at two different monitors; line drawing data is provided every time a stylus crosses a new pixel<br><br>"transmitting one pixel of said information being entered simultaneously and concurrently at either of said input means from either station to the other station on a pixel-by-pixel basis from alternating stations" means that each and every pixel which is part of the educational information entered at one of the stations by the movement of a stylus across the pixel is transmitted to the other station (i.e., an exact, one-to-one correspondence). | |

|     | **CLAIMS** | **CONSTRUCTION** | | | |
|-----|------------|-------------------------|---------|--------------------------|---------|
|     |            | Plaintiff's Construction | Support | Defendants' Construction | Support |
| 11. | The system of claim 1, wherein said communication means includes means for enabling the display of one pixel of said information being entered simultaneously and concurrently at either of said input means from either station to the other station on a pixel-by-pixel basis from alternating stations. | A narrow form of the broader recitation of information display of Claim 1. In Claim 11 each pixel is displayed on each station after entry on any station. Claim 1 is broader, allowing for display of pixels after grouping, such as a complete entry stroke or after an update time period. | The patent specification | "means for enabling" is in means-plus-function format, and should be interpreted under 35 USC 112, paragraph 6. The function is "for enabling the display of one pixel of said information being entered simultaneously and concurrently at either of said input means from either station to the other station on a pixel-by-pixel basis from alternating stations." The specification does not disclose sufficient structure for "means for enabling." To the extent that the specification discloses any structure at all, it is believed that the corresponding structure is some unspecified combination of a data bus (218), serial cabling, or network cabling 273, 274, three concurrently operating communication systems 301, 332, 333 at a single user station (either teacher or | Col. 7, lns. 22-31; col. 7, ln. 51 through col. 9, ln. 27; col. 15, lns. 12-65; Figs. 3A and 7. Amendment B After Final Rejection, dated May 20, 1992, at 25. |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| | | | | student), and a queue. "pixel" – see above. "pixel-by-pixel basis" –see above. "concurrently and simultaneously" - see above. "educational information" - see above. "enabling the display of one pixel of said information being entered simultaneously and concurrently at either of said input means from either station to the other station on a pixel-by-pixel basis from alternating stations" means that each and every pixel which is part of the educational information entered at one of the stations by the movement of a stylus across the pixel is enabled to be displayed to the other station (i.e., an exact, one-to-one correspondence). | |

| | CLAIMS | CONSTRUCTION | | | |
|---|---|---|---|---|---|
| | | Plaintiff's Construction | Support | Defendants' Construction | Support |
| 12. | The system of claim 1, wherein said communication means includes means for queuing said information being simultaneously and concurrently transmitted from either station to the other station. | (needs no special definition)<br><br>Queuing information is described in the specification as it is generally understood in the art, information is placed in a que for sending and receiving so that information is passed in an ordered manner. | The patent specification. | "means for queuing" is in means-plus-function format, and should be interpreted under 35 USC 112, paragraph 6. The function is "for queuing said information being simultaneously and concurrently transmitted from either station to the other station." The specification does not disclose sufficient structure for "means for queuing." To the extent that the specification discloses any structure at all, it is believed that the corresponding structure is a queue. "queuing" means placing data into a structure in which items are removed in a first in, first out (FIFO) manner. "educational information" - see above. "simultaneously and concurrently" – see above. "station" – see above. | Col. 8, lns. 38-41; col. 15, lns. 12-65; Fig. 7 Amendment B After Final Rejection, dated May 20, 1992, at 26.<br><br>Prentice Hall's Illustrated Dictionary of Computing at 552 (3d ed. 1998). |

Respectfully Submitted this 1st day of April, 2003:


_____/s/_____          _____/s/_____
Joseph J. Zito                             Jonathan E. Jobe, Jr.
ZITO tlp                                   PILLSBURY WINTHROP
26005 Ridge Road, Suite 203                11682 El Camino Real, Suite 200
Damascus, Maryland 20872                   San Diego, CA 92130-2092
For Plaintiff Eric Hamilton                For Defendant Teraglobal/WaveThree